■ JOAN FLAMIO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 67788.)—In a negligence claim to recover damages for personal injuries, the claimant appeals on the ground of inadequacy, from a judgment of the Court of Claims (Lengyel, J.), dated January 7, 1986, which, after a nonjury trial, is in her favor in the principal amount of only $50,000.

Ordered that the judgment is affirmed, with costs.

The rulings by the trial court with respect to the testimony of the expert witnesses fully complied with the requirements of CPLR 4515 and *People v Sugden* (35 NY2d 453). Although an expert witness may base his opinion on an out-of-court written statement of a witness who testified at the trial, the claimant's contention that the physician who testified as an expert witness in her behalf was improperly prohibited from testifying with respect to a written report prepared by a second physician is without merit because the second physician did not testify at the trial *(see, People v Stone,* 35 NY2d

69). The claimant's further contention alleging error in permitting the defendant's medical expert to testify with respect to the oral findings of a radiologist who conducted CAT scans of the claimant, and who did not testify at trial, must similarly fail *(see, People v Sugden, supra)*, since this physician read the CAT scans and was able to independently arrive at an opinion. In any event, if there were error committed in this regard, it was harmless *(see, People v Sugden, supra)*.

We further find that the award of damages in the principal amount of $50,000 was proper *(cf., Nardelli v Stamberg,* 44 NY2d 500, 503-504). The Trial Judge was in the best position to assess the credibility of the witnesses *(see, Matter of Fasano v State of New York,* 113 AD2d 885, 888) and his determination that the claimant was less than credible in describing the nature and extent of her injuries should not be disturbed. Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.