■ ANDREA KARAYIANAKIS et al., Respondents, v L & E GROMMERY, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered March 24, 1987, which, upon a jury verdict, is in favor of the plaintiff Andrea Karayianakis in the principal sum of $375,000, and the plaintiff Evangelos Karayianakis in the principal sum of $50,000, and against them.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless (1) within 20 days after service upon her of a copy of this decision and order, with notice of entry, Andrea Karayianakis shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to decrease the award of damages to her from the principal sum of $375,000 to the principal sum of $60,000, and to the entry of an amended judgment accordingly; and (2) within 20 days after service upon him of a copy of this decision and order, with notice of entry, Evangelos Karayianakis shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to decrease the award of damages to him from the principal sum of $50,000 to the principal sum of $15,000 and to the entry of an amended judgment accordingly; and it is further,

Ordered that in the event the plaintiffs so stipulate, the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that in the event that only the plaintiff Andrea Karayianakis or the plaintiff Evangelos Karayianakis so stipulates, then the judgment, as so reduced and amended, is affirmed·as to the plaintiff who so stipulates, and is reversed as to the other plaintiff, without costs or disbursements; and it is further,

Ordered that the findings of fact as to liability are affirmed.

The defendants, on appeal, contend, *inter alia,* that a new trial on the issue of damages is warranted because the plaintiffs failed to produce certain X rays which were relied upon by their expert witness. We disagree. In situations where a medical expert's conclusions are based upon an analysis of X

rays of a plaintiff's injuries, the failure to introduce the X rays into evidence may constitute error *(see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723; *Sirico v Cotto,* 67 Misc 2d 636).* In the instant case, however, the medical findings of plaintiffs' expert were based upon his clinical observations of the plaintiff Andrea Karayianakis, a physical examination of her as well as certain X rays of her injuries. Indeed, the record reveals that the plaintiffs' expert referred to the X rays on only two occasions during direct examination and that the references to the X rays, for the most part, served to confirm the conclusions drawn by the expert following his independent examination of the injured plaintiff. Accordingly, we conclude that the failure to produce the X rays does not prove fatal to the plaintiffs' case and that reversal on this particular ground is not warranted.

We are nevertheless of the opinion that the amounts awarded to the plaintiffs as damages were excessive. Therefore, the judgment should be reversed, and a new trial on the issue of damages should be granted, unless the plaintiffs execute written stipulations consenting to a decrease in the awards, as provided for herein. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.