■ RALPH SERRA, Respondent, v CITY OF NEW YORK, Appellant. [627 NYS2d 699] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Archer, J.), dated September 28, 1993, which, upon separate jury verdicts as to liability and damages finding the defendant 61% at fault in the happening of the accident and finding that the plaintiff suffered total damages in the amount of $325,000 ($75,000 for past pain and suffering and $250,000 for future pain and suffering), is in favor of the plaintiff in the principal sum of $198,250.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof which awarded damages to the plaintiff for future pain and suffering, and substituting therefor a provision severing the plaintiff's cause of action to recover damages for future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $250,000 to the sum of $175,000, and the net award of damages to him from the sum of $198,250 to $152,500 ($250,-000 less 39%, representing the plaintiff's share of fault in the happening of the accident) and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment accordingly.

On June 12, 1989, the plaintiff, while at work, slipped on an unsecure top step of a staircase and fell down the staircase. The evidence clearly supported the jury's conclusion that the

accident resulted from the stairway's state of disrepair. As a result of the accident the plaintiff sustained, *inter alia*, torn cartilages in his knee for which he was required to undergo arthroscopic surgery. In addition, the plaintiff suffered from damaged menisci and chondromalacia.

The defendant contends that the trial court erred by allowing the plaintiff's magnetic resonance imaging (hereinafter MRI) report into evidence, and in permitting the plaintiff's treating physician, Dr. Lehman, to testify concerning the results of the MRI test, because the witness did not perform the MRI test. At trial it was adduced that, based upon his initial physical examination of the plaintiff, Dr. Lehman had formed an opinion that the plaintiff had suffered injuries to the cartilage in his knee. To confirm his diagnosis, Dr. Lehman sent the plaintiff for an MRI test. Under these circumstances, and in light of the fact that an MRI report is data which is "of the kind ordinarily accepted by experts in the field", it was not error for the trial court to permit Dr. Lehman to testify with respect to the MRI report *(People v Sugden,* 35 NY2d 453, 459; *see also, Munoz v 608-610 Realty Corp.,* 194 AD2d 496; *Flamio v State of New York,* 132 AD2d 594). However, since the MRI report itself was hearsay and there was no foundation laid to permit its admission under an exception to the hearsay rule, the MRI report should not have been admitted into evidence. Nevertheless, the admission of the report in this case constituted harmless error *(see, Flamio v State of New York, supra).*

We find, however, that the damages for future pain and suffering are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the facts and circumstances of this case *(see,* CPLR 5501 [c]; *Burton v New York City Hous. Auth.,* 191 AD2d 669).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.