■ KENNETH PEGG et al., Respondents, v RIAD M. SHAHIN et al., Appellants. [654 NYS2d 395] —In three consolidated negligence actions to recover damages for personal injuries, etc., arising from an automobile accident, the defendants separately appeal from (1) a judgment of the Supreme Court, Suffolk County (Berler, J.), entered November 1, 1995, which, upon a

jury verdict, is in favor of the plaintiff Paul Morabito and against them in the principal sum of $100,000, and in favor of the plaintiff Angela Morabito and against them in the principal sum of $50,000, (2) a judgment of the same court, entered November 28, 1995, which, upon a jury verdict, is in favor of the plaintiff Peter K. Burke and against them in the principal sum of $25,000, and (3) a judgment of the same court, entered April 22, 1996, which, upon a jury verdict, is in favor of the plaintiff Kenneth Pegg and against them in the principal sum of $75,000, and in favor of the plaintiff Edith Pegg and against them in the principal sum of $20,000.

Ordered that the judgments are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly dismissed the affirmative defense of the defendant Gloria Minlionica that the action was barred by the Workers' Compensation Law. The only conclusion to be drawn from the parties' submissions on the motion is that the plaintiff Paul Morabito and the defendant Gloria Minlionica were not employees of the defendant Riad M. Shahin (*see, Scott v Massachusetts Mut. Life Ins. Co.*, 86 NY2d 429, 433-434).

The trial court did not err in permitting the treating physician of the plaintiff Paul Morabito to testify concerning the results of certain X-rays and a magnetic resonance imaging (hereinafter MRI) test. At trial it was adduced that, based upon his initial physical examination of the plaintiff Paul Morabito, the physician formed an opinion that he had sustained an injury to his cervical, thoracic, and lumbar spine with the possibility of a bad strain or sprain, nerve damage, and disk disease. To confirm his diagnosis, the physician sent the plaintiff Paul Morabito for an MRI test and X-rays. Under these circumstances, and in light of the fact that MRI and X-ray reports are data which are "of the kind ordinarily accepted by experts in the field", it was not error for the trial court to permit the physician to testify with respect to the MRI and X-ray report (*People v Sugden*, 35 NY2d 453, 459; *see also, Serra v City of New York*, 215 AD2d 643; *Flamio v State of New York*, 132 AD2d 594; *Holshek v Stokes*, 122 AD2d 777).

There is no merit to the defendants' contention that a new trial on the issue of damages is warranted because the plaintiffs Kenneth Pegg and Peter K. Burke failed to produce certain X-rays and MRI films which were relied upon by their respective expert witnesses. In situations where a medical expert's conclusions are based upon an analysis of X-rays of a

plaintiff's injuries, the failure to introduce the X-rays into evidence may constitute error (*see, Hambsch v New York City Tr. Auth.*, 63 NY2d 723). Here, however, the medical findings of the experts of the plaintiffs Kenneth Pegg and Peter K. Burke were based upon their clinical observations, physical examinations, and certain X-rays. In the case of the plaintiff Kenneth Pegg, the medical findings were also based upon an MRI test. The references to the X-rays and the MRI test, for the most part, served to confirm the conclusions drawn by the respective experts following their independent examination of these plaintiffs. Accordingly, the failure to produce the X-rays and MRI films does not warrant reversal (*see, Karayianakis v L & E Grommery*, 141 AD2d 610). Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.