■ HAROLD CARPENTIER et al., Appellants, v HANOVER INSURANCE COMPANY et al., Respondents. [670 NYS2d 540] —In an action, *inter alia,* for a judgment declaring the rights of the parties under an insurance policy issued by the defendants, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 27, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is denied, and, upon searching the record, the plaintiffs are granted partial summary judgment declaring that the defendants have a duty to defend them, effective October 19, 1992, in connection with an administrative matter before the United States Environmental Protection Agency, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate interlocutory judgment.

The plaintiff Harold Carpentier is the owner of an industrial building in Bohemia, New York. The defendants issued a property and liability insurance policy to Carpentier and the plaintiff Carpentier Construction Corp. for the period of January 15, 1979, to January 15, 1982. The policy provided, in relevant part, that the defendants had the duty to defend "any suit" against the insureds seeking damages on account of property damage. On July 29, 1981, a fire occurred in a portion of the premises leased to a company which manufactured and packaged chemical products. The defendants were notified of the fire and provided a defense to Carpentier in a personal injury action commenced by one of the firefighters.

Subsequently, the New York State Department of Environmental Conservation (hereinafter the DEC) and the United States Environmental Protection Agency (hereinafter the EPA) commenced investigations regarding possible groundwater contamination at the property. In connection with these investigations, the DEC and the EPA sent various letters to the plaintiffs providing notification, seeking information, and requesting or demanding action on their part. The plaintiffs sent a "Notice of Claim" to the defendants requesting a defense in the actions taken by the DEC and the EPA and indemnification for costs incurred. The defendants disclaimed coverage

and the plaintiffs commenced this action seeking both a declaration that the defendants were obligated to defend and indemnify them, and recovery of the amounts they had been required to expend in legal fees as a result of the defendants' breach of their duty to undertake their defense.

The defendants moved for summary judgment on several grounds, including the applicability of the policy's pollution exclusion clause and the lack of any pending lawsuit which would give rise to the defendants' duty to defend under the policy. The Supreme Court concluded, *inter alia*, that there was a question of fact as to whether the pollution exclusion clause applied or whether the contamination resulted from a "sudden and accidental" discharge caused by the fire for which the policy provided coverage. However, the court granted the defendants' motion because it found that the letters sent by the DEC and the EPA were not the functional equivalent of a suit and therefore did not trigger the defendants' duty to defend. The only issue before us on this appeal is whether the court properly concluded that the defendants' duty to defend was not triggered by the letters.

We agree with the Supreme Court that the administrative letters sent prior to October 19, 1992, did not constitute a "suit" within the meaning of the policy. One letter from the DEC simply notified the plaintiffs that the property would be listed in a registry of inactive hazardous waste disposal sites. A letter from the EPA requested that the plaintiffs provide various information. Two of the letters, one from the DEC and one from the EPA, merely informed the plaintiffs of their potential liability and sought voluntary action on their part (*see, Technicon Elecs. Corp. v American Home Assur. Co.*, 141 AD2d 124, 145-146, *affd on other grounds* 74 NY2d 66; *see also, Borg-Warner Corp. v Insurance Co.*, 174 AD2d 24).

However, a letter dated October 19, 1992, from the EPA is of an entirely different nature. Unlike the prior letters in this matter and the letter from the EPA in *Technicon*, the letter dated October 19, 1992, demanded payment of a large, specified sum of money and advised the plaintiffs that interest would begin to accrue on that amount as of the date of the demand. The filing of a notice of lien was threatened and the plaintiffs were given the opportunity to be heard at a conference with the EPA's regional counsel and to attend with an attorney. By this letter, the government assumed a coercive, adversarial posture and threatened the plaintiffs with probable and imminent financial consequences (*see, Ryan v Royal Ins. Co.*, 916 F2d 731, 741; *Borg-Warner Corp. v Insurance Co., supra,* 174

AD2d, at 36). We therefore find that the letter constituted the functional equivalent of a suit within the meaning of the policy, giving rise to a duty to defend as of October 19, 1992. Consequently, the defendants have a duty to defend the plaintiffs, effective October 19, 1992, in connection with the matter before the EPA. Copertino, J. P., Altman, Florio and Luciano, JJ., concur.