■ BRIDGET WESOLEK et al., Respondents, v TOPS MARKETS, INC., Appellant. [680 NYS2d 344] —Order unanimously reversed on the law without costs, motion denied and verdict reinstated. Memorandum: Supreme Court erred in granting plaintiffs' mo-

tion pursuant to CPLR 4404 (a) and setting aside the jury verdict of no cause of action as against the weight of the evidence. The standard for determining whether a jury's verdict is against the weight of the evidence is whether " ' "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746). In this case, a fair interpretation of the evidence supports the jury's finding that defendant was not negligent. Although defendant may have had actual notice of a puddle of liquid created by a broken bottle in defendant's store, there was credible evidence that the puddle existed for no longer than 5 to 10 minutes before defendant's employee began mopping it up, and, while he was mopping it, plaintiff Bridget Wesolek slipped in the puddle. Thus, the alleged absence of "wet floor" signs or barricades around the puddle does not render the jury's verdict against the weight of the evidence (*cf., Van Stry v State of New York*, 104 AD2d 553, 554). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Set Aside Verdict.) Present— Denman, P. J., Hayes, Pigott, Jr., and Fallon, JJ.