■ Phyllis Ferrantello et al., Respondents, v St. Charles Hospital and Rehabilitation Center et al., Appellants. [712

NYS2d 615] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Honorof, J.), dated June 28, 1999, as denied their motion, *inter alia*, pursuant to CPLR 4404 to set aside a jury verdict on the issue of damages awarding the plaintiffs the principal sum of $275,260.

Ordered that the order is affirmed insofar as appealed from, with costs.

The trial court properly denied the defendants' motion, *inter alia*, to set aside the jury verdict on the issue of damages. In 1993 the plaintiff Phyllis Ferrantello (hereinafter Ferrantello) slipped and fell in the defendant hospital, sustaining a torn meniscus which required surgery under general anesthesia. At trial, the plaintiffs' medical expert testified that Ferrantello's injuries were the result of the accident and that her injuries were permanent.

The plaintiffs' medical expert was properly permitted to testify that Ferrantello suffered a torn meniscus as a result of her accident. The expert's opinion was based upon his own examination of Ferrantello, as well as an examination of certified hospital records, a second physician's medical records, a Magnetic Resonance Imaging (hereinafter MRI) report, and X-rays. Although no proper foundation was laid for the admission of the MRI report and X-rays, their admission into evidence was harmless error (*see, Serra v City of New York,* 215 AD2d 643; *Karayianakis v L & E Grommery,* 141 AD2d 610). The expert relied upon those materials primarily to confirm the conclusions he had reached from his examination of Ferrantello and review of the properly-admitted hospital records. Moreover, the materials reviewed by the expert were "of [the] kind accepted in the profession as reliable in forming a professional opinion" (*People v Sugden,* 35 NY2d 453, 460; *see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 726; *Pegg v Shahin,* 237 AD2d 271; *Holshek v Stokes,* 122 AD2d 777).

The verdict on the issue of damages did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Lemberger v City of New York,* 211 AD2d 622; *Bisbee v Independent Coach Corp.,* 182 AD2d 661; *Gonzalez v Manhattan & Bronx Surface Tr. Operating Auth.,* 160 AD2d 420). Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.