■ JOHN TORREGROSSA et al., Respondents, v LILLIAN WEINSTEIN et al., Appellants. [718 NYS2d 78] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered September 7, 1999, which, upon a jury verdict awarding the plaintiff John Torregrossa $200,000 for past pain and suffering and $550,000 for future pain and suffering, and the plaintiff Bridget Torregrossa $100,000 for past pain and suffering and $300,000 for future pain and suffering, is in favor of the plaintiffs and against them.

Ordered that the judgment is modified, on the law and as a matter of discretion, by deleting the provisions thereof awarding the plaintiffs John Torregrossa and Bridget Torregossa damages for future pain and suffering and substituting therefor provisions granting a new trial on the issue of damages for the plaintiffs' future pain and suffering; as so modified, the judgment is affirmed, with costs to the defendants, unless within 30 days after service upon them of a copy of this decision and order with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to John Torregrossa for future pain and suffering from the sum of $550,000 to the sum of $250,000 and damages for

future pain and suffering to Bridget Torregrossa from the sum of $300,000 to the sum of $125,000 and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiffs were injured when their car, which was stopped at a traffic light, was struck in the rear by the defendants' vehicle. Their motion for summary judgment on the issue of liability was granted and a trial on the issue of damages ensued. During the trial, the court admitted into evidence the magnetic resonance imaging (hereinafter MRI) report of John Torregrossa even though the doctor who prepared the report did not testify. John Torregrossa's treating physician was properly allowed to testify with respect to the MRI report because he had personally examined him, and the MRI report is data which is of the kind ordinarily accepted by experts in the field (*see, Hambsch v New York Tr. Auth.,* 63 NY2d 723; *Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.,* 275 AD2d 387). Although no proper foundation was laid for the admission of the MRI report itself, its admission constituted harmless error (*see, Ferrantello v St. Charles Hosp. & Rehabilitation Ctr., supra; Serra v City of New York,* 215 AD2d 643).

The award of damages deviates materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]). Ritter, J. P., Altman, H. Miller and Smith, JJ., concur.