DONALD H. FLEISS, Respondent, v SOUTH BUFFALO RAILWAY COMPANY, Appellant. [720 NYS2d 703] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff, a locomotive engineer, commenced this action against defendant, his former employer, seeking to recover damages under the Federal Employers' Liability Act for permanently disabling back injuries allegedly sustained in a slip and fall on the steel catwalk of a locomotive. Supreme Court granted plaintiff partial summary judgment on liability and the matter proceeded to trial on damages. Defendant appeals from a postverdict order that granted plaintiff's motion to set aside a jury verdict awarding plaintiff no compensatory damages and ordered a new trial on damages only.

The court erred in granting plaintiff's motion to set aside the verdict on damages as contrary to the weight of the evidence (*see,* CPLR 4404 [a]; *Siegel v Wank,* 270 AD2d 573, 575-576; *San George v Prowse,* 259 AD2d 988). A motion to set aside a jury verdict should not be granted "unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga,* 191 AD2d 963, 964). There was conflicting proof on the issue whether plaintiff sustained any injury as a result of his accident, and a fair interpretation of the evidence supports the jury's finding that plaintiff did not sustain an injury (*see, San George v Prowse, supra,* at 988-989; *Pelosi v TJA Maintenance Programming,* 247 AD2d 453, 454-455).

Contrary to plaintiff's contention, there was no basis to set aside the verdict as inconsistent. No substantial confusion among the jurors is apparent on the face of the record (*see, Moisakis v Allied Bldg. Prods. Corp.,* 265 AD2d 457, 458, *lv denied* 95 NY2d 752; *Wylder v Viccari,* 138 AD2d 482, 484), and there particularly is no basis for concluding that the jurors intended to award plaintiff damages. Rather than evincing any confusion, the jurors explicitly followed the directions provided by the court (*see, Carson v De Lorenzo,* 238 AD2d 790, 791, *lv denied* 90 NY2d 810) in its submission of a verdict sheet that broke down plaintiff's claim into its essential elements of causation and damages.

In his brief, plaintiff raises 13 challenges to evidentiary and other rulings made by the court during the trial on damages. Plaintiff asserts that those challenges are properly before us as alternative grounds for sustaining the order granting a new trial (*see generally,* CPLR 5501 [a] [1]; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 545-546; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488). Plaintiff's contentions are not properly before us in the posture of this case; most were not raised by plaintiff below and none was passed on by the trial court in rendering the postverdict order now under review. Moreover, the appeal from the nonfinal order setting aside the verdict and ordering a new trial does not bring up for review the court's trial rulings (*cf.,* CPLR 5501 [a]). Thus, the matter must be remitted to Supreme Court to determine the remaining grounds raised by plaintiff in his motion (*cf., Jump v Facelle,* 275 AD2d 345, 346-347). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Set Aside Verdict.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.