■ DONALD H. FLEISS, Respondent, v SOUTH BUFFALO RAILWAY COMPANY, Appellant. [737 NYS2d 723] —Appeal from an order of Supreme Court, Erie County (Sedita, Jr., J.), entered July 3, 2001, which granted plaintiff's motion for a new trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are denied and the verdict is reinstated.

Memorandum: Plaintiff, a former employee of defendant railroad, commenced this action to recover under the Federal Employers' Liability Act for back injuries allegedly sustained in a slip and fall on the steel catwalk of a locomotive. Supreme Court granted plaintiff partial summary judgment on liability and, following a trial on damages, the jury awarded plaintiff no damages. The court granted that part of plaintiff's first postverdict motion seeking to set aside the verdict on damages as contrary to the weight of the evidence and granted plaintiff a new trial. On defendant's appeal from that order, we reversed and remitted the matter to Supreme Court for consideration of the

alternative grounds for a new trial raised in plaintiff's first postverdict motion (*Fleiss v South Buffalo Ry. Co.,* 280 AD2d 1004).

Upon remittal, plaintiff made a second postverdict motion that included the grounds raised in the first postverdict motion and others not previously raised. Supreme Court properly did not address the new grounds raised by plaintiff, nor do we address those grounds, because they are beyond the scope of our remittitur in *Fleiss v South Buffalo Ry. Co.* (*supra* at 1005; *see, Matter of Home Depot USA v Baum,* 243 AD2d 476, 477-478).

We conclude, however, that the court erred upon remittal in granting plaintiff a new trial based on three grounds raised in both postverdict motions: the denial of plaintiff's request to remove a juror for cause; the admission of evidence concerning plaintiff's entitlement to "regular pension" benefits and application for "disability pension" benefits; and the admission of evidence concerning the revocation of the medical license of a physician who had provided an EMG report. Those grounds are unpreserved, lacking in merit, or both. Further, in the interest of judicial economy, we address the remaining contentions raised in plaintiff's first postverdict motion but not yet addressed by Supreme Court or this Court. We conclude that defendant's examining physician was properly permitted to testify regarding the reports and findings of nontestifying treating physicians and to the results of a functional capacity examination of plaintiff, because those out-of-court materials are of the kind generally accepted as reliable by experts in the medical profession (*see, Torregrossa v Weinstein,* 278 AD2d 487, 488, citing *Hambsch v New York City Tr. Auth.,* 63 NY2d 723, and *Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.,* 275 AD2d 387; *Pegg v Shahin,* 237 AD2d 271, 272). We therefore reverse the order, deny plaintiff's motions, and reinstate the verdict. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.