# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**295**
**CA 11-01125**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

PAMELA MCFADDEN AND WILLIAM CURRAN,
PLAINTIFFS-APPELLANTS,

V                                             MEMORANDUM AND ORDER

ONEIDA, LTD., DEFENDANT-RESPONDENT.

---

LADUCA LAW FIRM, LP, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

HISCOCK & BARCLAY, LLP, ROCHESTER (ROBERT M. SHADDOCK OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County (Craig
J. Doran, A.J.), entered February 15, 2011 in a personal injury
action.  The order denied plaintiffs' motion for judgment
notwithstanding the verdict.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs purport to appeal from a decision "dated"
February 4, 2011 denying their motion for, inter alia, judgment
notwithstanding the verdict.  Although no appeal lies from a mere
decision (*see Kuhn v Kuhn*, 129 AD2d 967), we nevertheless note that
the order was "entered" February 4, 2011, and we exercise our
discretion to treat the notice of appeal as valid and deem the appeal
taken from the order (*see generally* CPLR 5520 [c]).  Plaintiffs were
injured when a shelving unit that they were disassembling in
defendant's store collapsed.  Plaintiffs had purchased six shelving
units from defendant's store when it was going out of business.  The
units were purchased "as is."  The day after the accident, plaintiff
William Curran called the store manager on two occasions and left
messages, but he never received a return telephone call.  Inasmuch as
the shelving units were no longer available and Curran did not know
who manufactured them, he visited another one of defendant's stores
and observed nearly identical shelving units, which he photographed.
Curran also purchased additional shelving units from the company that
he believed to be the manufacturer of the shelving units in
defendant's store and, when he assembled those units, he observed that
"everything was the same" as the units that collapsed.

At trial, Supreme Court permitted plaintiffs to assemble a unit
that Curran had purchased from the manufacturer and present it to the

jury as a demonstrative exhibit. The parties presented the testimony of experts supporting competing theories of the way in which the accident occurred. The jury answered the first question on the verdict sheet, "Was [defendant's] premises reasonably safe?" in the affirmative, and thus the court entered judgment in favor of defendant. Plaintiffs moved for, inter alia, judgment notwithstanding the verdict on the grounds that the jurors misapprehended the first question on the verdict sheet and that at least two jurors expressed confusion after the verdict regarding that question. The court denied the motion.

Plaintiffs' contention with respect to the jury charge is not preserved for our review because they failed to object when the court discussed PJI 2:90 prior to charging the jury or at any other time before the jury began deliberations (*see* CPLR 4110-b; *Garris v K-Mart, Inc.*, 37 AD3d 1065, 1066). Plaintiffs also failed to preserve for our review their further contention with respect to the verdict sheet because, although plaintiffs requested that the court use different language for the first question on the verdict sheet, they did not object to the proposed language on the ground they now raise on appeal (*see Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827, 828, *lv denied* 96 NY2d 710; *see generally* CPLR 5501 [a] [3]). In any event, plaintiffs failed to demonstrate any prejudice arising from the alleged inadequacies of the jury charge (*see Blanchard v Whitlark*, 286 AD2d 925, 926), nor did plaintiffs establish that "there was 'substantial confusion among the jurors' " based on the language in the verdict sheet (*Lopez v Kenmore-Tonawanda School Dist.*, 275 AD2d 894, 896).

Plaintiffs contend that the court erred in denying their pretrial cross motion seeking sanctions for defendant's spoliation of evidence, i.e., disposing of the shelving units that collapsed before they could be examined or photographed. Plaintiffs requested that the court either strike the answer or strike the affirmative defense of comparative negligence. The court's determination denying the cross motion is not properly before us because the appeal is taken from an order denying plaintiffs' post-trial motion, rather than the judgment (*see generally Fleiss v South Buffalo Ry. Co.*, 280 AD2d 1004, 1005). In any event, trial courts have "broad discretion in determining what, if any, sanction[s] should be imposed for spoliation of evidence" (*Iannucci v Rose*, 8 AD3d 437), and "the sanction of striking a pleading . . . 'should be granted only where it is conclusively shown that the discovery default was deliberate or contumacious' " (*Wetzler v Sisters of Charity Hosp.*, 17 AD3d 1088, 1089, *amended on rearg* 20 AD3d 944). Here, plaintiffs were not precluded from establishing a prima facie case of negligence, and thus the remedy of striking the answer or an affirmative defense was not an appropriate sanction (*see id.* at 1090).

Contrary to plaintiffs' further contention, we conclude that the verdict is supported by legally sufficient evidence inasmuch as "there is a valid line of reasoning and permissible inferences that could lead rational persons to the conclusion reached by the jury based upon the evidence presented at trial" (*Guthrie v Overmyer*, 19 AD3d 1169,

1170; *see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499).
Finally, we conclude that the verdict is not against the weight of the evidence (*see Wesolek v Tops Mkts.*, 255 AD2d 972, 973; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

Entered:  March 23, 2012                     Frances E. Cafarell
                                             Clerk of the Court