# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1214**

**CA 13-00594**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

REMET CORPORATION, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THE ESTATE OF JAMES R. PYNE, DECEASED,
KATHERINE B. PYNE, INDIVIDUALLY AND AS THE
EXECUTOR OF THE LAST WILL AND TESTAMENT OF
JAMES R. PYNE AND AS TRUSTEE OF THE TRUST
ESTABLISHED UNDER PARAGRAPH THIRD OF THE LAST
WILL AND TESTAMENT OF JAMES R. PYNE, EDWARD R.
WIEHL, AS EXECUTOR OF THE LAST WILL AND
TESTAMENT OF JAMES R. PYNE AND AS TRUSTEE OF
THE TRUST ESTABLISHED UNDER PARAGRAPH THIRD OF
THE LAST WILL AND TESTAMENT OF JAMES R. PYNE, THE
TRUST ESTABLISHED UNDER PARAGRAPH THIRD OF THE
LAST WILL AND TESTAMENT OF JAMES R. PYNE,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

NEIL M. GINGOLD, FAYETTEVILLE, AND STEATES, REMMELL, STEATES &
DZIEKAN, UTICA, FOR DEFENDANTS-APPELLANTS.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), AND
MAYER BROWN LLP, CHICAGO, ILLINOIS, FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Oneida County (Patrick F. MacRae, J.), entered June 11,
2012. The judgment granted that part of the motion of plaintiff for
partial summary judgment on the issue of liability and declared that
plaintiff is entitled to indemnification for environmental losses.

It is hereby ORDERED that the judgment insofar as appealed from
is unanimously reversed on the law without costs, plaintiff's motion
is denied in its entirety, and judgment is granted in favor of
defendants as follows:

It is ADJUDGED and DECLARED that plaintiff is not
entitled to indemnification from defendants.

Memorandum: In October 2002, the New York State Department of
Environmental Conservation (DEC) sent plaintiff a notice letter
identifying plaintiff as a potentially responsible party (PRP), along
with four other entities, for the presence of hazardous waste in a
section of the Erie Canal in the Town of Frankfort. The letter

requested plaintiff to develop, implement, and finance a remedial program for the site and stated that, if plaintiff did not act, the DEC would perform the remediation itself and seek recovery from plaintiff as a PRP. Plaintiff demanded indemnification from defendants pursuant to an indemnification provision in an agreement between, inter alia, plaintiff and defendants' decedent. When defendants refused to indemnify plaintiff, plaintiff commenced this action seeking, inter alia, a declaration that its losses were subject to indemnification by defendants.

Defendants, with the exception of defendant JP Morgan Escrow Services, (hereafter, defendants) appeal from a judgment granting that part of plaintiff's motion seeking partial summary judgment on the issue of liability and declaring that plaintiff is "entitled to indemnification for all past environmental losses that have occurred to date and for all future environmental losses that will occur due to and arising out of the DEC investigation and/or remediation of the Erie Canal Site in Utica" pursuant to the indemnification provision in the agreement. On appeal, defendants contend that plaintiff is not entitled to indemnification pursuant to that provision. We agree.

As a preliminary matter, we note that defendants appeal from the judgment insofar as Supreme Court granted plaintiff's motion for partial summary judgment on liability, but they purport to appeal from the court's decision with respect to the declaration issued by the court. We exercise our discretion to treat the latter part of the notice of appeal as valid and deem the entire appeal as taken from the judgment (*see* CPLR 5520 [c]; *see generally McFadden v Oneida, Ltd.*, 93 AD3d 1309, 1310).

The indemnification provision in the agreement limits indemnification to only those losses that "arise out of or result from actions . . . that [plaintiff] *is required to take* under or in connection with any Environmental Law or Environmental Permit" (emphasis added). Because the DEC's letter "merely informed . . . plaintiff[] of [its] potential liability and sought voluntary action on [its] part" (*Carpentier v Hanover Ins. Co.*, 248 AD2d 579, 580; *see Technicon Elecs. Corp. v American Home Assur. Co.*, 141 AD2d 124, 145-146, *affd on other grounds* 74 NY2d 66), we conclude that it did not require plaintiff to take action. Consequently, plaintiff is not entitled to indemnification pursuant to the indemnification provision in the agreement. We therefore reverse the judgment and, because we "may search the record and grant summary judgment in favor of a nonmoving party . . . with respect to a cause of action or issue that is the subject of the motions before the court" (*Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430; *see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111), we grant summary judgment to defendants declaring that plaintiff is not entitled to indemnification from defendants.

Entered:  December 27, 2013

Frances E. Cafarell
Clerk of the Court