# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1355**

**CA 13-01094**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

COLLETTE ALGER AND JEFFREY ALGER,
PLAINTIFFS-APPELLANTS,

               V                       MEMORANDUM AND ORDER

UNIVERSITY OF ROCHESTER MEDICAL CENTER,
STRONG MEMORIAL HOSPITAL, NANCY WANG, PH.D.,
STEPHANIE LANIEWSKI, C.G.C.,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

DAVID A. JOHNS, PULTNEYVILLE, AND CARL L. FEINSTOCK, ROCHESTER, FOR PLAINTIFFS-APPELLANTS.

MARTIN CLEARWATER & BELL LLP, NEW YORK CITY (STEWART G. MILCH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered January 29, 2013. The judgment awarded costs and disbursements to defendants University of Rochester Medical Center, Strong Memorial Hospital, Nancy Wang, Ph.D., and Stephanie Laniewski, C.G.C.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for physical and emotional injuries allegedly sustained as a result of the decision of Collette Alger (plaintiff) to terminate her pregnancy. Plaintiffs alleged that such decision was the result of defendants' negligence in performing prenatal diagnostic tests and advising them regarding the results of such tests. After a trial, the jury rendered a verdict in favor of defendants, finding that Stephanie Laniewski, C.G.C. was not negligent and that University of Rochester Medical Center, Strong Memorial Hospital (Hospital) and Nancy Wang, Ph.D. were negligent but that their negligence was not a proximate cause of plaintiffs' injuries. Supreme Court denied plaintiffs' posttrial motion seeking, inter alia, to set aside the verdict as against the weight of the evidence. We affirm.

"A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff[s] that it could not have been reached on any fair interpretation of the evidence"

(*Krieger v McDonald's Rest. of N.Y., Inc.*, 79 AD3d 1827, 1828, *lv dismissed* 17 NY3d 734 [internal quotation marks omitted]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746).  Further, "[w]here a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Schreiber v University of Rochester Med. Ctr.*, 88 AD3d 1262, 1263 [internal quotation marks omitted]).  We conclude that a reasonable view of the evidence supports the jury's verdict that Laniewski, a certified genetic counselor, was not negligent.  There was conflicting testimony concerning the communications between Laniewski and plaintiffs, and " 'great deference is accorded to the jury given its opportunity to see and hear the witnesses' " (*Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d 531, 532).

With respect to the other defendants, we conclude that the verdict finding that they were negligent but that their negligence was not a proximate cause of plaintiffs' injuries is not inherently inconsistent (*see Finnegan v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership*, 90 AD3d 1676, 1677).  Nor is that verdict against the weight of the evidence unless the issues are so inextricably interwoven that it would be logically impossible to find negligence without also finding proximate cause (*see Schreiber*, 88 AD3d at 1263).  We conclude that there is a fair interpretation of the evidence pursuant to which the jury could have found that defendants Hospital and Wang were negligent in reporting erroneous test results to plaintiffs, but that their negligence did not proximately cause plaintiffs' injuries.  The evidence presented "factual question[s] . . . whether, under the circumstances, it could reasonably be expected that plaintiff . . . would elect to undergo an abortion" (*Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632, 636), and whether that decision was sufficiently independent of defendants' conduct to constitute an intervening cause.  Those questions presented issues for the jury to resolve (*see id.*) and we decline to disturb its resolution of those issues in defendants' favor (*see Wilson v Mary Imogene Bassett Hosp.*, 307 AD2d 748, 748-749).  We reject plaintiffs' contention that the court abused its discretion in permitting several witnesses to provide expert testimony on the issue of proximate cause (*see Kettles v City of Rochester*, 21 AD3d 1424, 1426).  Finally, plaintiffs' further contention that the structure of the verdict sheet caused the jury to confuse proximate cause and comparative fault is unpreserved for our review and in any event is lacking in merit (*see McFadden v Oneida, Ltd.*, 93 AD3d 1309, 1310-1311).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court