■ STEWART SCHWARTZ, Plaintiff, v SCOTT C. GERSON, Defendant. (Action No. 1.) SCOTT C. GERSON, Respondent, v STEWART SCHWARTZ, Appellant. (Action No. 2.) [668 NYS2d 223] —In two related actions to recover damages for personal injuries, Stewart Schwartz, the defendant in Action No. 2, appeals from (1) an order of the Supreme Court, Rockland County (Meehan, J.), dated July 5, 1996, which, upon separate jury verdicts in favor of the plaintiff in Action No. 2 on the issues of liability and damages, denied his motion to set aside the verdicts and (2) a judgment of the same court, dated September 24, 1996, and entered in Action No. 2 which is in favor of the plaintiff and against him in the principal sum of $400,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order dated July 5, 1996, as denied that branch of the appellant's motion which was to set aside the verdict as to damages is vacated, that branch of the appellant's motion is granted, and a new trial is granted on the issue of damages only, with costs to abide the event.

The appeal from the immediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Although we find no error with respect to the court's evidentiary rulings and its charge in the liability trial, the court committed reversible error during the damages trial when it admitted into evidence a report prepared by a doctor who examined the plaintiff in Action No. 2 for his insurance carrier. Even assuming that the report was subject to the "professional reliability" exception to the rule that opinion evidence must be based on facts in the record or personally known to the witness (*Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 726), and that it was not improper to permit the plaintiff's surgeon to testify that he reviewed and, in part, relied on the report, in determining that the plaintiff required surgery, in the instant case the testimony regarding the report went substantially beyond this limited usage.

The report "constituted an expression of opinion on the crucial issue[s]" of the severity of the plaintiff's injuries and whether they were causally related to the accident (*Borden v Brady,* 92 AD2d 983, 984). "Moreover, plaintiff's expert not only was permitted to identify the report upon which he relied"

the report itself was "admitted into evidence and read to the jury" during the plaintiff's summation. Such usage goes beyond the limited purpose for which such reports may be used (*Borden v Brady, supra,* at 984).

Nor was the error harmless. The plaintiff, with no risk of cross examination of the doctor who prepared the report, was permitted to read the entire report to the jury. In this case the crucial issue on damages was whether the alleged herniation of the plaintiff's lumbar discs was caused by the accident. Both sides presented one witness on this issue. The admission into evidence of a report from a medical witness who never testified and which addressed the crucial issues for the jury's determination, and the use of that report by the plaintiff in his summation, prejudiced the defendant to such an extent that a new damages trial is required.

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.