OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*1044 Defendant contends that he is appealing from the judgment entered March 31, 1998. His notice of appeal dated August 29, 1997, however, clearly indicates that he is appealing from the August 18, 1997 order of the court below which denied his motion to set aside the verdict pursuant to CPLR 4404. Therefore, his appellate contentions that the court below erred by failing to give a missing witness charge, improperly precluded Dr. Diamond from testifying regarding the nature of a bulging disc, and improperly permitted plaintiff to testify regarding his desire to become a fireman cannot now be raised on appeal since they were not raised in his CPLR 4404 motion.
It has long been held that a jury verdict will not be set aside as against the weight of the evidence unless there is “no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499). In the case at bar, Dr. Genicoff, a board-certified internist, testified that he often read MRI’s, read plaintiff’s MRI and rendered an independent opinion, even though he had also read the radiologist’s report. Contrary to defendant’s contention, no error was committed in allowing Genicoff to testify regarding the results of the MRI since he was providing his own opinion/interpretation of the MRI. A review of the record on appeal indicates that Genicoff testified that plaintiff’s back injury was significant and permanent (although plaintiff’s range of motion restriction “mild”). Moreover, plaintiff’s limitations were documented through the known percentage decrease in the range of motion of his back, as well as through the results of objective tests such as leg lifts and the MRI. Accordingly, plaintiff established serious injury to his back as defined in Insurance Law § 5102 (d).
Kassoff, P. J., Aronin and Chetta, JJ., concur.