■ EVELYN DICKERT, Respondent-Appellant, v CITY OF NEW YORK et al., Defendants, and SENTRY CONTRACTING, INC., Appellant-Respondent and Third-Party Plaintiff-Respondent. YORK SCAFFOLD EQUIPMENT CORPORATION, Third-Party Defendant-Appellant-Respondent. [701 NYS2d 416] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered June 17, 1999, which denied the motion by defendant Sentry Contracting, Inc. for summary judgment dismissing the complaint and all cross claims and counterclaims asserted against it, denied the motion by third-party defendant York Scaffold Equipment Corporation for summary judgment dismissing all claims, counterclaims and cross claims against it, and denied plaintiff's cross motion for summary judgment on the question of Sentry's liability, unanimously affirmed, without costs.

Plaintiff was injured when she fell in a sidewalk shed erected by third-party defendant York to protect pedestrians passing adjacent to construction in connection with which defendant Sentry had been retained as general contractor. Contrary to Sentry's argument, it may be liable to plaintiff even though it is not in contractual privity with her. It cannot, however, be determined on the present record whether such duty as Sentry and York owed pedestrians using the sidewalk shed was breached in plaintiff's case. There are issues of fact as to whether Sentry and York were negligent in constructing and maintaining the sidewalk shed and as to whether, if they were

negligent, any such negligence caused plaintiff's harm. In particular, it cannot be said at this juncture, as a matter of law, if the shed was inadequately lit, much less whether inadequate lighting in the shed was a proximate cause of plaintiff's fall. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.