■ DARIN MAGRAS, Respondent, v FRANK COLASUONNO et al., Appellants. [717 NYS2d 627] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of Supreme Court, Richmond County (Maltese, J.), dated June 20, 2000, which, after a nonjury trial on the issue of damages, and upon the denial of their motion pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), is in favor of the plaintiff and against them in the principal sum of $20,000.

Ordered that judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff failed to establish a prima facie case that he sustained a serious injury within the meaning of Insurance Law § 5102 (d). The only medical testimony offered at trial was that of the plaintiff's treating chiropractor. Although the chiropractor testified that the plaintiff sustained a herniated disc, he conceded that this conclusion was based on the inadmissible reports of other doctors who did not testify (*see, Merisca v Alford,* 243 AD2d 613; *Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267). In addition, while the chiropractor quantified certain limitations of motion of the plaintiff's lumbar spine, he failed to identify any objective tests used to arrive at

his conclusions (*see, Grossman v Wright,* 268 AD2d 79). Therefore, the Supreme Court should have granted the defendants' motion to dismiss the complaint. O'Brien, J. P., Sullivan, Krausman and Schmidt, JJ., concur.

Goldstein, J., dissents and votes to affirm the judgment with the following memorandum: At a nonjury trial on the issue of damages, the plaintiff's treating chiropractor, Dr. Joseph Fricano, testified that based upon his readings of X-ray films, the plaintiff was suffering from retrospondylolisthesis, a slipping of one vertebrae over another. Over objection, Dr. Fricano testified that he referred the plaintiff for a CAT scan of the lumbar and cervical spines and relied on the readings of Dr. David Milbave, a radiologist, in concluding that the plaintiff suffered a "midline posterior disc herniation at L-5/S-1." Dr. Fricano also based his diagnosis on a physical examination, pin-prick, and leg raising tests. Dr. Fricano also used a goneometer to quantify loss of range of motion.

The issue before us is whether this evidence was sufficient to establish a prima facie case of serious injury. The majority finds that Dr. Fricano's testing was inadequate because (1) his opinion was based upon "inadmissible reports of doctors who did not testify," and (2) he failed to identify any objective tests.

On the contrary, the materials reviewed by Dr. Fricano, including the report of the CAT scan, are of the kind accepted in the profession as reliable in forming a professional opinion (*see, People v Sugden,* 35 NY2d 453, 460; *Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.,* 275 AD2d 387). As this Court held in *Pegg v Shahin* (237 AD2d 271, 272 quoting from *People v Sugden*), since such reports "are data which are 'of the kind ordinarily accepted by experts in the field', it was not error for the trial court to permit" the plaintiff's expert to testify with respect to the report. The plaintiff's expert noted that the CAT scan report was prepared by a named radiologist. Accordingly, a foundation was laid establishing the reliability of the out-of-court material (*see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 726).

Further, Dr. Fricano reached his conclusion based on X-rays which he read himself (*see, Van De Bogart v Vanderpool,* 215 AD2d 915), as well as upon objective tests quantifying loss of range of motion (*see, Biscardi v Smalls,* 179 Misc 2d 1043).

In reaching a contrary conclusion, the majority relies on cases relating to summary judgment, not judgment after trial (*see, Napoli v Cunningham,* 273 AD2d 366; *Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267). In such cases, all material is out-of-court. Such cases are inapposite here, because in this

case the evidence was adduced at trial, a foundation was laid establishing the reliability of the out-of-court material (*see, Romano v Stanley,* 90 NY2d 444, 452), and the plaintiff's expert was subject to cross-examination.

In view of the evidence that the plaintiff suffered a herniated disc, causing nerve irritation and quantified limitation of movement (*see, Garver v Ming Chao Lu,* 276 AD2d 468), the verdict at the trial should not be set aside.