■ HEATHER DELUCA, Respondent, et al., Plaintiff, v DING JU LIU et al., Appellants. [746 NYS2d 183]

Contrary to the respondent's contention, the appellants' argument that the Supreme Court erroneously allowed her chiropractic expert to testify about her magnetic resonance imaging (hereinafter MRI) and electromyography (hereinafter EMG) reports was properly preserved for appellate review (see CPLR 5501). It is well settled that "opinion evidence must be based on facts in the record or personally known to the witness" (*Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725 [internal quotation marks omitted]). To be admissible, "opinion evidence must be based on one of the following: first, personal knowledge of the facts upon which the opinion rests; second, where the expert does not have personal knowledge of the facts upon which the opinion rests, the opinion may be based upon facts and material in evidence, real or testimonial; third, material not in evidence provided that the out-of-court material is derived from a witness subject to full cross-examination; and fourth, material not in evidence provided the out-of-court material is of the kind accepted in the profession as a basis in forming an opinion and the out-of-court material is accompanied by evidence establishing its reliability" (*Wagman v Bradshaw,* 292 AD2d 84, 86-87).

The respondent's chiropractic expert did not perform the MRI tests or the EMG test, and did not review the actual MRI films or the EMG test results, but merely reiterated conclusions reached by the person who wrote the MRI reports and the EMG report. Moreover, the respondent failed to submit the actual MRI films or the EMG test results in evidence. Accordingly, the respondent failed to proffer sufficient evidence to establish the reliability of the out-of-court MRI and EMG reports, and the respondent erroneously elicited the chiropractic expert's testimony regarding the contents of the MRI and EMG reports (*see Wagman v Bradshaw, supra; Magras v Colasuonno,* 278 AD2d 388; *Serra v City of New York,* 215 AD2d 643; *Flamio v State of New York,* 132 AD2d 594; *Chang Chiu v Garcia,* 75 AD2d 594). Under the circumstances, a new trial is warranted on the issue of damages.

In light of our determination, we do not reach the appellants' remaining contentions. Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.