■ RASHEDA JEMMOTT, Plaintiff, and PATRICIA HAYNES, Respondent, v MIRIAM LAZOFSKY, Appellant. [772 NYS2d 840]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered December 30, 2002, which, upon a jury verdict, and upon the denial of her motion pursuant to CPLR 4404 to set aside the verdict on the issue of damages as against the weight of the evidence and for judgment as a matter of law, is in favor of the plaintiff Patricia Haynes and against her in the principal sum of $700,000.

Ordered that the judgment is reversed, on the law, that branch of the motion which was to set aside the verdict on the issue of damages as against the weight of the evidence is granted to the extent that a new trial is granted on the issue of damages only, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages only, with costs to abide the event.

On October 15, 1996, the plaintiff Patricia Haynes (hereinafter the plaintiff), was involved in a motor vehicle accident with the defendant at an intersection in Brooklyn. The plaintiff sustained injuries to her right knee and back. She underwent arthroscopic surgery to her right knee and physical therapy thereafter. After a trial on the issue of liability, the jury returned a verdict in favor of the plaintiff. During the damages phase of the trial, the Supreme Court directed a verdict in favor of the plaintiff on the issue of serious injury, and the jury awarded damages in the principal sum of $700,000. The defendant then moved pursuant to CPLR 4404 to set aside the verdict on the issue of damages as against the weight of the evidence and for judgment as a matter of law. The Supreme Court denied the motion and entered judgment in the plaintiff's favor. The defendant appeals.

"It is well settled that, to be admissible, opinion evidence must be based on one of the following: first, personal knowledge of the facts upon which the opinion rests; second, where the expert does not have personal knowledge of the facts upon which

the opinion rests, the opinion may be based upon facts and material in evidence, real or testimonial; third, material not in evidence provided that the out-of-court material is derived from a witness subject to full cross-examination; and fourth, material not in evidence provided the out-of-court material is accompanied by evidence establishing its reliability" (*Wagman v Bradshaw,* 292 AD2d 84, 86-87 [2002]).

The trial court erred in permitting the plaintiff's medical expert, Dr. Verde, to give opinion testimony regarding the plaintiff's alleged back injuries since Dr. Verde did not have personal knowledge of the plaintiff's back condition (*see Cappolla v City of New York,* 302 AD2d 547, 549 [2003], *lv denied* 100 NY2d 511 [2003]). Further, the testimony offered by Dr. Verde regarding the plaintiff's alleged back injuries was improper as it was partly based upon a magnetic resonance imaging (hereinafter MRI) film which was not admitted into evidence and was prepared by another health care professional who did not testify at the trial (*see DeLuca v Ding Ju Liu,* 297 AD2d 307 [2002]; *Wagman v Bradshaw, supra*).

In addition, the trial court erred in admitting two MRI reports of the plaintiff's knee and permitting Dr. Verde to offer redirect testimony regarding their contents, since the reports were prepared by other health care professionals who did not testify at the trial and the MRI film was not admitted into evidence (*see Schwartz v Gerson,* 246 AD2d 589 [1998]). Further, it was error for the Supreme Court to permit the plaintiff's attorney to cross-examine the defendant's medical expert witness regarding an MRI film of the plaintiff's back and the accompanying MRI report, as neither the MRI film nor the report were admitted into evidence (*see DeLuca v Ding Ju Liu, supra; Wagman v Bradshaw, supra; Schwartz v Gerson, supra*). Under the circumstances, a new trial is warranted on the issue of damages.

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination herein. Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.