■ JOSEPH B. ZINN, Respondent-Appellant, v JEFFERSON TOW-ERS, INC., et al., Defendants, and KAY WATERPROOFING CORP., Respondent, and CITY SCAFFOLDING CORP., Appellant-Respondent. [789 NYS2d 7]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 22, 2003, which, to the extent appealed from, denied defendant City Scaffolding's motion for summary judgment, and precluded plaintiff from qualifying as an expert witness at trial and from referring in his amended bill of particulars to certain legislative authority and provisions of the Administrative Code of the City of New York, unanimously modified, on the law, to the extent of permitting plaintiff to testify as an expert witness, and otherwise affirmed, without costs. Plaintiff shall serve notice pursuant to CPLR 3101 (d) within 20 days of service of a copy of this order with notice of entry.

Plaintiff slipped on a white substance near a sidewalk shed installed by defendant City Scaffolding to protect the area from falling objects while work was being performed by defendant

Kay Waterproofing Corp. Because issues of fact exist with respect to whether the sidewalk shed was properly erected and maintained, plaintiff is not required to establish contractual privity with City Scaffolding in order to impose liability for his injuries (*Dickert v City of New York*, 268 AD2d 343 [2000]). One who assumes a contractual obligation to maintain a safe condition may be answerable in damages for liability resulting from injuries sustained by a third party because of the obligor's breach (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *see also Sommer v Federal Signal Corp.*, 79 NY2d 540 [1992]).

Plaintiff, a licensed professional civil engineer, who was previously chief engineer for the City of New York, was improperly disqualified from testifying as an expert on his own behalf. We have noted that circumstances exist where "parties with firsthand knowledge have been permitted and even compelled to render expert testimony" (*Hirschfeld v IC Sec.*, 132 AD2d 332, 337 [1987], *lv dismissed* 72 NY2d 841 [1988]) and, therefore, that an expert witness should not be disqualified merely because of a personal interest in the event (*id.* at 337-338, citing CPLR 4512). Thus, plaintiff should be permitted to give testimony to the extent he is qualified by his expertise (*see Kramnicz v First Natl. Bank*, 32 AD2d 1009, 1010 [1969]).

Finally, we agree that plaintiff is precluded from asserting violations of the Administrative Code of the City of New York by previous Supreme Court orders, from which no appeal was taken (*see e.g. Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 269 [1995] [law of the case]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Sweeny, JJ.