■ BRIDGETTE KINARD, Appellant-Respondent, v SOUTH SHORE DIALYSIS CENTER, Respondent-Appellant. [829 NYS2d 674]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered May 19, 2005, as granted the defendant's motion to preclude her from introducing the testimony of her medical expert on the issue of causation, and upon granting the motion, directed dismissal of the complaint, and (2) so much of an order of the same court dated December 12, 2005, as denied that branch of her motion which was for leave to renew and, in effect, upon granting that branch of her motion which was for leave to reargue, adhered to the original determination, and the defendant cross-appeals from so much of the order entered May 19, 2005, as directed dismissal of the complaint without prejudice.

Ordered that the appeal from the order entered May 19, 2005, is dismissed, as the portion of the order appealed from was superseded by the order dated December 12, 2005, made upon reargument; and it is further,

Ordered that the cross appeal from the order entered May 19, 2005, is dismissed, as the defendant is not aggrieved by this order (see Matter of Roman Catholic Diocese of Rockville Ctr. v Board of Assessors of Inc. Vil. of Old Westbury, 303 AD2d 515 [2003]); and it is further,

Ordered that the order dated December 12, 2005, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the order entered May 19, 2005, as granted that branch of the defendant's motion which was to preclude the plaintiff from introducing the testimony of her medical expert on the issue of causation and directed dismissal of the complaint, and substituting therefor provisions, upon reargument, vacating so much of the order entered May 19, 2005, as granted that branch of the defendant's motion and denying that branch of the motion; as so modified, the order dated December 12, 2005, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The decedent sustained injuries while undergoing dialysis at the defendant's clinic. The decedent was sitting in a dialysis chair, lost consciousness, and awoke with fractures to the right shoulder and the right hip. The defendant's staff told the decedent that she suffered a seizure and denied that the decedent had fallen. The plaintiff, the administratrix of the decedent's estate, commenced this action alleging that the defendant was negligent in failing to prevent the decedent's fall from the dialysis chair.

At trial the plaintiff sought to present evidence including expert testimony as to causation based upon a review of radiological reports, her own testimony that the defendant's employees informed her that the decedent fell from the chair, and deposition testimony from the decedent that the plaintiff informed her that she had fallen. The defendant moved to preclude that evidence, and the Supreme Court granted the defendant's motion.

Expert opinion evidence may be admissible if, inter alia, the expert relies upon material not in evidence, provided that the out-of-court material is derived from a witness subject to full cross-examination (see Wagman v Bradshaw, 292 AD2d 84, 86-87 [2002]). The plaintiff's counsel made an offer of proof that the opinion of the plaintiff's medical expert was based, at

least in part, upon radiological reports which were inadmissible at trial (*see Wagman v Bradshaw, supra* at 87). However, the parties agreed that the radiologist who prepared the reports was available to be cross-examined at trial on the reliability of his reports and that the actual X-ray films were admissible. Under the circumstances, the plaintiff's expert could testify, based upon the radiological reports, as to his opinion regarding the cause of the decedent's injuries (*cf. Kovacev v Ferreira Bros. Contr., Inc.*, 9 AD3d 253 [2004]; *Jemmott v Lazofsky*, 5 AD3d 558, 560 [2004]). Consequently, the Supreme Court erred in granting that branch of the defendant's motion which was to preclude the testimony of the plaintiff's medical expert as to the cause of the decedent's injuries and directing dismissal of the complaint.

However, the Supreme Court properly granted that branch of the defendant's motion which was to preclude the plaintiff's proposed testimony, the decedent's deposition testimony, and the medical records relating to the cause of the decedent's injuries, as that evidence constituted inadmissible hearsay (*see Nucci v Proper*, 95 NY2d 597, 602 [2001]; *Loschiavo v Port Auth. of N.Y. & N.J.*, 58 NY2d 1040, 1041 [1983]; *Rivera v City of New York*, 293 AD2d 383 [2002]).

The parties' remaining contentions are without merit or have been rendered academic in light of our determination. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.