■ BARBARA CLEVENGER et al., Respondents, et al., Plaintiff, v DONALD D. MITNICK, Appellant. [832 NYS2d 73]—

In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated October 12, 2005, which, upon a jury verdict in favor of the plaintiffs Barbara Clevenger and Michael Clevenger on the issue of damages, and upon the denial of his motion to set aside the verdict as legally insufficient and as against the weight of the evidence, is in favor of those plaintiffs and against him in the principal sum of $299,300.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of the plaintiff Barbara Clevenger's personal injury damages and the plaintiff Michael Clevenger's derivative damages, with costs to abide the event.

Following a boating accident, the plaintiff Barbara Clevenger, her husband, the plaintiff Michael Clevenger, and their son, the plaintiff Michael Clevenger, Jr., commenced this action against the defendant, Donald D. Mitnick. The Supreme Court granted the plaintiffs' motion for summary judgment on liability. Before trial, the personal injury claims of the plaintiffs Michael Clevenger and Michael Clevenger, Jr., were settled. The trial was limited to the personal injury damages due the plaintiff Barbara Clevenger and the loss of consortium damages due the plaintiff Michael Clevenger.

At trial, the treating physician of the plaintiff Barbara Clevenger (hereinafter the plaintiff), Dr. Ippolito, testified that the doctors who performed magnetic resonance imaging (hereinafter MRI) and nerve function test (hereinafter EMG) scans were reliable, that he used their reports to form a treatment plan, and that these reports were the kind generally accepted by physicians in the diagnosis and treatment of their patients.

Over the objection of the defense, the court admitted the MRI reports not for their truth, but because the treating doctor relied upon them for diagnosis and treatment of the plaintiff. The court also admitted the actual MRI scans and the EMG test data into evidence pursuant to CPLR 4532-a. Dr. Ippolito opined that the plaintiff's spinal injuries were the result of trauma from the boating accident.

The defendant's expert, Dr. Elken, a neurologist, testified that, based upon her evaluation of the plaintiff and her review of one of the MRI reports, the plaintiff had degenerative disc disease, which resulted not from the accident but from the natural aging process.

The jury returned a verdict awarding Barbara Clevenger damages in the sums of $50,000 for past pain and suffering, $19,300 for past lost earnings, $100,000 for future pain and suffering, and $120,000 for future lost earnings, and awarding the plaintiff Michael Clevenger damages in the sums of $3,000 for past lost services and $7,000 for future loss of services.

The defendant contends that the court committed error in admitting the MRI and EMG reports because they were hearsay reports not within any exception, whose authors were not subject to cross-examination. We reverse and remit for a new trial on the issue of the plaintiff Barbara Clevenger's personal injury damages and the plaintiff Michael Clevenger's derivative damages.

The defendant correctly contends that admission of the MRI reports violated the principles set forth in *Wagman v Bradshaw* (292 AD2d 84 [2002]). This Court held that the admission of a hearsay MRI report deprived the party against whom the MRI report was offered of the opportunity to cross-examine the declarant (*id.* at 87-88).

We reject the plaintiffs' contention that any error in admitting the MRI reports was harmless based on the circumstance that the defendant was given prior notice of the plaintiffs' intent to offer the MRI scans into evidence and thus, the defendant was given a fair opportunity to call its own expert to oppose the conclusion in the MRI reports. The defendant was deprived of the opportunity to cross-examine the authors of the six MRI reports and the EMG report, and we cannot conclude that the cumulative effect of the jury's access to these reports was harmless (*see Schwartz v Gerson,* 246 AD2d 589, 590 [1998]; *Borden v Brady,* 92 AD2d 983, 984 [1983]).

This error warrants a new trial on the issue of the plaintiff Barbara Clevenger's personal injury damages and the plaintiff Michael Clevenger's derivative damages.

The defendant's remaining contentions are without merit, not properly before this Court, or need not be reached in light of our determination. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.