In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered February 24, 2011, which, upon an order of the same court (R. Doyle, J.), dated July 16, 2007, denying his motion for summary judgment dismissing the complaint, upon a jury verdict in favor of the plaintiff, and upon the denial his motion pursuant to CELR 4404 (a) to set aside the verdict and for judgment as a matter of law, or, alternatively, to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the plaintiff and against him in the total sum of $2,482,131.30.
Ordered that the judgment is reversed, on the law, with costs, and a new trial is ordered.
*771 In opposition to the defendant’s prima facie showing of entitlement to judgment as a matter of law, the plaintiff submitted the affidavit of an expert with specific, detailed allegations which established the existence of triable issues of fact as to whether the defendant’s treatment of the decedent deviated from accepted medical practice and, if so, whether the deviations proximately caused the decedent’s injuries and death (see Brady v Westchester County Healthcare Corp., 78 AD3d 1097, 1099 [2010]). Thus, the defendant’s motion for summary judgment dismissing the complaint was properly denied.
“Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal” (People v Moreno, 70 NY2d 403, 405-406 [1987]). A court’s decision in this respect may not be overturned unless it was an improvident exercise of discretion. The trial court providently exercised its discretion in denying the defendant’s recusal motion in this case.
The defendant failed to preserve for appellate review his contention that the medical records of Dr. Matthew S. Lief, a physician who treated the decedent in Florida, could not be certified in accordance with CPLR 3122-a, inasmuch as that statute only applied to records obtained by subpoena, and a subpoena cannot be served out of state. Although the defendant did preserve for appellate review his contention that the certification of the records by Dr. Lief was unreliable, the certification nonetheless comported with CPLR 3122-a, and “[t]he decision to allow the certified business records to be admitted without a live testimonial witness based on a proper certification is ultimately within the court’s discretion” (Patrick M. Connors, Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR C3122-a:4). That discretion was not improvidently exercised here.
It was error, however, for the Supreme Court to allow, over the defendant’s objection, the report interpreting the 1993 biopsy of the decedent’s prostate, contained within Dr. Lief s records, to be introduced into evidence, and to permit the plaintiffs experts to base their opinions, at least in part, upon the contents of that report. A written report prepared by a nontestifying doctor interpreting the results of a medical test is not admissible into evidence (see Clevenger v Mitnick, 38 AD3d 586 [2007]; Jemmott v Lazofsky, 5 AD3d 558 [2004]; Wagman v Bradshaw, 292 AD2d 84, 88 [2002]). Moreover, pursuant to the professional reliability exception to the rule that opinion evidence must be based on facts in the record or personally known to the witness, an expert may only “rely on out-of-court material if ‘it is of a kind accepted in the profession as reliable in forming a profes *772 sional opinion,’ ” as shown by evidence establishing the reliability of the out-of-court material (Hambsch v New York City Tr. Auth., 63 NY2d 723, 725-726 [1984], quoting People v Sugden, 35 NY2d 453, 460 [1974]). Here, there was no proof that the report was reliable, and the defendant had no opportunity to cross-examine the physician who prepared it (see Elshaarawy v U-Haul Co. of Miss., 72 AD3d 878, 882 [2010]; DeLuca v Ding Ju Liu, 297 AD2d 307 [2002]; Wagman v Bradshaw, 292 AD2d 84 [2002]).
The plaintiffs theory of the case was that the defendant failed to properly and timely diagnose the decedent’s prostate cancer. In light of the fact that the plaintiffs expert employed the contents of the inadmissible biopsy report to make the speculative assertion that the findings of atypical cells in the decedent’s prostate in 1993 was indicative of a precancerous condition, the error cannot be deemed harmless, and the judgment must be reversed.
Moreover, we note, as relevant to the retrial, that there is merit to the defendant’s argument that the probative value of certain photographs of the decedent was so slight that admitting them into evidence “could not be expected to accomplish any other result than to introduce the personal element for the consideration of the jury” (Smith v Lehigh Val. R.R. Co., 177 NY 379, 384 [1904]).
The defendant’s remaining contentions either are without merit or need not be reached in light of our determination of the appeal. Dillon, J.P., Angiolillo, Dickerson and Hinds-Radix, JJ., concur.