■ JUSTINE JIMENEZ et al., Respondents, v SAVANDA GASQUE et al., Appellants. [974 NYS2d 532]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Solomon, J.), entered June 15, 2012, which, upon the granting of the plaintiffs' oral application in limine to preclude the defendants' medical expert from testifying at the trial on the issue of damages, and upon a jury verdict on the issue of damages, is in favor of the plaintiffs and against them in the principal sum of $75,000.

Ordered that the judgment is reversed, on the law, with costs, the plaintiffs' oral application in limine to preclude the defendants' medical expert from testifying at the trial on the issue of damages is denied, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages.

"[T]o be admissible, opinion evidence must be based on one of the following: first, personal knowledge of the facts upon which the opinion rests; second, where the expert does not have personal knowledge of the facts upon which the opinion rests, the opinion may be based upon facts and material in evidence, real or testimonial; third, material not in evidence provided that the out-of-court material is derived from a witness subject to full cross-examination; and fourth, material not in evidence provided the out-of-court material is of the kind accepted in the profession as a basis in forming an opinion and the out-of-court material is accompanied by evidence establishing its reliability" (*Wagman v Bradshaw*, 292 AD2d 84, 86-87 [2002]; *see Kinard v South Shore Dialysis Ctr.*, 37 AD3d 545, 546 [2007]; *Jemmott v Lazofsky*, 5 AD3d 558, 559-560 [2004]).

Here, the Supreme Court erred in granting the plaintiffs' oral application in limine to preclude the defendants' medical expert, Dr. Jeffrey Passick, from testifying at the trial on the issue of damages. The court made its ruling prior to the admission of any evidence and before any witness had an opportunity to

testify. The Supreme Court's determination prevented Dr. Passick from rendering any opinion based upon admissible evidence, such as, inter alia, arthroscopic photographs. On this record, the court had no basis upon which to preclude Dr. Passick's testimony. Accordingly, since the error was not harmless, a new trial is warranted on the issue of damages. Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.