While employed as a police officer by the New York City Police Department, plaintiff Robert Johnson was injured on property owned by Columbia. Months before a sidewalk shed and coordinate lights had been installed by Outdoor Installations, LLC, a scaffolding contractor, at the location where the complaint alleges that Johnson ran into a support pole during the lawful pursuit of a fleeing suspect.
Supreme Court properly denied Columbia’s motion. At the time of the accident, New York City Building Code (Administrative Code of City of NY, tit 28, ch 33) § BC 3307.6.5 (2) required that “[t]he underside of sidewalk sheds shall be lighted at all times either by natural or artificial light,” and that “[t]he level of illumination shall be the equivalent of that produced by 200 watt, 3400 lumen minimum, standard incandescent lamps.” The only evidence concerning the illumination level was the testimony of Columbia’s resident manager who, when asked to “estimate the wattage of how much light the fixture illuminated,” replied, “100 watts.”
Viewing the record in a light most favorable to plaintiffs, as we must at this procedural juncture (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 105 [2006]; Kosovrasti v Epic [217] LLC, 96 AD3d 695 [1st Dept *577 2012]), a question of fact exists as to whether Columbia fulfilled its obligation to maintain light fixtures in compliance with former NY City Building Code § BC 3307.6.5 (see Ryan v Trustees of Columbia Univ. in the City of N.Y., Inc., 96 AD3d 551, 552 [1st Dept 2012]). The extent to which Columbia’s failure to inspect the lighting on a nightly basis contributed to Johnson’s injuries presents a question of fact warranting denial of the motion (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; Dickert v City of New York, 268 AD2d 343 [1st Dept 2000]).
We have considered Columbia’s remaining contentions and find them unavailing. Concur — Tom, J.P., Saxe, Moskowitz, Gische and Clark, JJ.