OPINION OF THE COURT
Memorandum.
Ordered that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for a new trial on the issue of damages.
In this action to recover for personal injuries allegedly sustained in a motor vehicle accident, liability had been determined, and the matter went to trial on the issue of damages. Over defendant’s objection, the Civil Court admitted into evidence electrodiagnostic test reports which had been prepared by a doctor who did not testify. The court determined that the records were admissible pursuant to CPLR 3122-a and 4532-a. Plaintiff’s examining doctor testified that his range of motion testing revealed restrictions as compared to normal in plaintiff’s cervical spine. However, he expressly stated that his diagnosis of cervical and lumbar radiculopathy “was based upon the electrodiagnostic testing reports.” The witness admitted that he had not performed the electrodiagnostic tests, and never testified that he had interpreted the data himself. Following the close of defendant’s case, the jury returned a verdict in favor of plaintiff, finding that plaintiff had sustained serious injuries under the significant limitation of use and consequential limitation of use categories of Insurance Law *17 § 5102 (d). As limited by its brief, defendant appeals from so much of the judgment, entered upon the jury’s verdict, as awarded plaintiff the principal sum of $50,000.
It is not clear whether plaintiffs expert witness relied only upon the raw data contained in the reports (see CPLR 4532-a) or whether he relied, to any extent, upon the interpretations and diagnosis of the reporting doctor also set forth in the reports. “A written report prepared by a nontestifying doctor interpreting the results of a medical test is not admissible into evidence” (D’Andraia v Pesce, 103 AD3d 770, 771 [2013]; see Clevenger v Mitnick, 38 AD3d 586 [2007]; DeLuca v Ding Ju Liu, 297 AD2d 307 [2002]; Wagman v Bradshaw, 292 AD2d 84 [2002]). Plaintiff did not demonstrate that the reports fell within an exception to the rule against hearsay and, upon a review of the record, we cannot conclude that any cumulative effect of the jury’s access to the electrodiagnostic test reports was harmless error (see Clevenger, 38 AD3d at 587). Thus, contrary to the Civil Court’s finding, the electrodiagnostic test reports should not have been admitted.
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the Civil Court for a new trial on the issue of damages.
Elliot, J.P., Weston and Solomon, JJ., concur.