■ In the Matter of ESHAGH ESHAGHIAN, Also Known as E. IKE ESHAGHIAN, Deceased. DAVID ESHAGHIAN, Respondent; MAHROKH ESHAGHIAN et al., Appellants. [42 NYS3d 276]—

In a probate proceeding in which David Eshaghian petitioned pursuant to SCPA 2105 to compel the turnover of property from the estate of Eshagh Eshaghian, also known as E. Ike Eshaghian, the coexecutrices of the estate, Mahrokh Eshaghian and Tanaz Eshaghian, appeal from a decree of the Surrogate's Court, Queens County (Kelly, S.), dated April 20, 2015, which, upon a decision of the same court dated June 26, 2014, made after a nonjury trial, granted the petition to the extent of directing them to pay to the petitioner the principal sum of $152,333, plus interest from May 5, 2003, at the rate of 9% per year.

Ordered that the decree is affirmed, with costs.

The petitioner, David Eshaghian, commenced this proceeding pursuant to SCPA 2105 to compel Mahrokh Eshaghian and Tanaz Eshaghian, the coexecutrices of the estate of Eshagh Eshaghian, also known as E. Ike Eshaghian, to deliver to him certain property or the proceeds from the sale of that property. The case proceeded to a nonjury trial. After trial, the Surrogate's Court issued a decision awarding the petitioner the sum of $179,000, representing the value of the property. After the award was adjusted pursuant to the terms of a written stipulation, the court issued a decree directing the coexecutrices to pay to the petitioner the principal sum of $152,333, plus interest from May 5, 2003, at the rate of 9% per year.

The decision whether to grant a continuance is ordinarily committed to the sound discretion of the trial court (*see Giardina v Barasch*, 131 AD3d 1007, 1007 [2015]; *MRI Enters., Inc. v Comprehensive Med. Care of N.Y., P.C.*, 122 AD3d 595, 596 [2014]). Here, under all the circumstances, the Surrogate's Court did not improvidently exercise its discretion in declining to allow a continuance (*see Matter of Samida v Samida*, 116 AD3d 779, 780 [2014]; *Matter of Winfield v Gammons*, 105 AD3d 753, 754 [2013]; *Matter of Bales*, 93 AD2d 861, 862 [1983]).

Further, the Surrogate's Court did not err in allowing the petitioner to testify as his own expert as to the valuation of the

property at issue. A court may permit a party to testify as his or her own expert so long as that party establishes his or her qualifications as an expert (*see* CPLR 4512; *Zinn v Jefferson Towers, Inc.*, 14 AD3d 398, 399 [2005]; *cf. Thoma v Thoma*, 21 AD3d 1080, 1081 [2005]). Here, the petitioner presented evidence as to his qualifications as an expert in the relevant field (*see Zinn v Jefferson Towers, Inc.*, 14 AD3d at 399). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.