■ CLAUDIA SHEPHERD, Respondent, v T.I.A. OF NEW YORK, INC., et al., Appellants. [60 NYS3d 399]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Walker, J.), entered June 5, 2015, which, upon a jury verdict on the issue of liability, and upon a separate jury verdict

on the issue of damages awarding the plaintiff the principal sums of $1,000,000 for past pain and suffering, $2,000,000 for future pain and suffering, and $350,000 for future medical expenses, is in favor of the plaintiff and against them in the principal sum of $3,350,000.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff damages for future medical expenses in the principal sum of $350,000, and substituting therefor a provision awarding the plaintiff damages for future medical expenses in the principal sum of $17,800; as so modified, the judgment is affirmed, with costs to the plaintiff.

The plaintiff was struck by a commercial garbage truck as she crossed the street at the corner of Nostrand Avenue and Fulton Street in Brooklyn. An eyewitness left the scene of the accident and chased the truck on foot before losing sight of it. The police, using information obtained from the plaintiff and the eyewitness, obtained a surveillance video taken shortly after the accident of a garbage truck owned by the defendant T.I.A. of New York, Inc., and driven by the defendant Daniel Quinlan in the vicinity of where the accident occurred. The police eventually closed the case without bringing criminal charges against Quinlan.

During the trial on the issue of liability, where the only question was whether the plaintiff was struck by the defendants' vehicle, the plaintiff and the eyewitness identified the garbage truck in the surveillance video as the truck involved in the accident. When the plaintiff decided not to call as a witness the detective who discovered the surveillance video during his investigation, the defendants sought to have the detective testify regarding the thoroughness of his investigation. The Supreme Court denied the request, finding that the detective's testimony would consist of impermissible hearsay. After a trial on the issue of liability, the jury determined that the plaintiff was struck by the defendants' vehicle. After a separate trial on the issue of damages, the jury found that the plaintiff's damages were $1,000,000 for past pain and suffering, $2,000,000 for future pain and suffering, and $350,000 for future medical expenses. The defendants appeal from the judgment.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in precluding the defendants from calling, as a witness, the detective who conducted a police investigation regarding the accident. Based on the defendants' offer of proof, the proposed testimony from the detective would have related to collateral matters (*see Coopersmith*

*v Gold*, 89 NY2d 957 [1997]; *Ryan v Kellogg Partners Inst. Servs.*, 79 AD3d 447, 448 [2010], *affd* 19 NY3d 1 [2012]), or constituted inadmissible hearsay (*see Nucci v Proper*, 95 NY2d 597, 602 [2001]; *Kinard v South Shore Dialysis Ctr.*, 37 AD3d 545, 547 [2007]).

The award for future medical expenses must be reduced to the extent indicated, since the award of damages beyond that sum was not supported by the evidence actually submitted to the jury (*see Sanders v New York City Tr. Auth.*, 83 AD3d 811, 813-814 [2011]; *Stylianou v Calabrese*, 297 AD2d 798, 799 [2002]).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.