Wilmington Sav. Fund Socy., FSB, As Trustee for Normandy Mtge. Loan Trust v Hayes (2018 NY Slip Op 08353)





Wilmington Sav. Fund Socy., FSB, As Trustee for Normandy Mtge. Loan Trust v Hayes


2018 NY Slip Op 08353


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


109882/09 7812 7811

[*1]Wilmington Savings Fund Society, FSB, As Trustee For Normandy Mortgage Loan Trust, etc., Plaintiff-Respondent,
v
Sharay Hayes, Defendant-Appellant, New York City Environmental Control Board, et al., Defendants.


Rozario & Associates, P.C., New York (Rovin R. Rozario of counsel), for appellant.
Knuckles, Komosinski & Manfro LLP, Elmsford (Louis A. Levithan of counsel), for respondent.



Judgment of foreclosure and sale, Supreme Court, New York County (Gerald Lebovits, J.), entered April 30, 2018, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 14, 2017, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff failed to prove that the 90-day notice required by RPAPL 1304 and the 30-day notice required by defendant Hayes's mortgage were actually mailed to defendant (see American Tr. Ins. Co. v Lucas, 111 AD3d 423 [1st Dept 2013]). The sole documentary proof of actual mailing was a printout that was never admitted at trial; rather, the trial court erroneously allowed plaintiff's witness to read from the unadmitted document (see Jemmott v Lazofsky, 5 AD3d 558, 560 [2d Dept 2004]; Chase Bank USA, N.A. v Hershkovits, 28 Misc 3d 1202[A], 2010 NY Slip Op 51122[U] [Civ Ct, Kings County 2010]).
However, plaintiff established a rebuttable presumption of mailing through its witness Eric Wheeler's detailed testimony about how the 90- and 30-day notices were generated, addressed, and mailed, and how their mailing was documented (see American Tr. Ins. Co., 111 at 424). At the time of trial, Wheeler was an employee of the servicer for the loan, and had reviewed the documents because they had been "boarded" over to the servicer as part of its regular business. Moreover, he had been employed at JPMorgan Chase, plaintiff's assignor of the note and mortgage, at the time of the mailings, and thus had full knowledge of the relevant office procedures (see HSBC Bank USA v Rice, 155 AD3d 443, 443—44 [1st Dept 2017]).
Defendant argues that plaintiff lacked standing to commence this foreclosure action because it failed to show that Mortgage Electronic Registration Systems, Inc. (MERS) had authority to assign the underlying mortgage note (citing Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2d Dept 2011]). However, MERS is irrelevant here. The consolidated note upon which plaintiff sued was given by defendant directly to Washington Mutual (the assets of which were acquired by JPMorgan Chase in 2008) (see Wells Fargo Bank, N.A. v Webster, 61 AD3d 856 [2d [*2]Dept 2009]). Defendant does not challenge the authority of Washington Mutual and later JPMorgan Chase to assign the consolidated note to plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK