Gubitosi v Hyppolite (2020 NY Slip Op 06761)





Gubitosi v Hyppolite


2020 NY Slip Op 06761


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2018-07053
 (Index No. 63612/14)

[*1]Neil Gubitosi, respondent,
v
Evans Hyppolite, et al., appellants.


Phillip J. Rizzuto, P.C., Uniondale, NY (Kristen N. Reed of counsel), for appellants.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated May 23, 2018. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 4404(a), in effect, to set aside a jury verdict finding that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) and awarding the plaintiff damages, to vacate a judgment entered thereon, and for a new trial, and denied the defendants' separate motion pursuant to CPLR 5015(a) to vacate the judgment.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the defendants' motion pursuant to CPLR 4404(a), in effect, to set aside the jury verdict, to vacate the judgment entered thereon, and for a new trial, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages.
On August 2, 2013, a vehicle driven by the plaintiff was struck in the rear by a vehicle driven by the defendant Evans Hyppolite and owned by the defendant Corporate Trans., Inc. The plaintiff subsequently commenced this action to recover damages for personal injuries. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability, and the case proceeded to a trial on the issue of damages. Following the damages trial, the jury found that the plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102(d) and awarded him damages. On September 14, 2017, the Supreme Court entered a judgment in favor of the plaintiff and against the defendants.
The defendants moved pursuant to CPLR 4404(a), in effect, to set aside the jury verdict, to vacate the judgment entered thereon, and for a new trial. The defendants separately moved pursuant to CPLR 5015(a) to vacate the judgment. By order dated May 23, 2018, the Supreme Court denied the motions. The defendants appeal.
"[T]o be admissible, opinion evidence must be based on," inter alia, (1) "personal knowledge of the facts upon which the opinion rests," or, (2) "where the expert does not have personal knowledge of the facts upon which the opinion rests, the opinion may be based upon facts [*2]and material in evidence, real or testimonial" (Wagman v Bradshaw, 292 AD2d 84, 86-87). Here, we disagree with the Supreme Court's determination to preclude the defendants' medical expert, Edward Weiland, from testifying regarding records and testimony that were in evidence and from testifying on the issue of causation. Contrary to the plaintiff's contention, Weiland should have been permitted to testify regarding the records and testimony in evidence even if he lacked personal knowledge as to the specific injuries addressed therein (see id. at 86-87). Furthermore, Weiland should have been permitted to testify on the issue of causation, despite not having addressed this issue in his expert report, because "the issue of causation was implicit on the question of damages" (McLamb v Metropolitan Suburban Bus Auth., 139 AD2d 572, 573). The court's errors in limiting Weiland's testimony were not harmless (see Jimenez v Gasque, 111 AD3d 675, 676). Therefore, the court should have granted the defendants' motion, in effect, to set aside the jury verdict, to vacate the judgment entered thereon, and for a new trial on the issue of damages.
The defendants failed to preserve for appellate review their contention that a new trial was necessary based on the plaintiff's revelation for the first time at trial that he had injured his neck approximately a year and a half before the subject accident. Nonetheless, we review this contention in the interest of justice (see Merrill v Albany Med. Ctr. Hosp., 71 NY2d 990). The plaintiff's failure to disclose his prior neck injury prejudiced the defendants, as causation was a central issue in the damages trial, and the defendants had no opportunity to cross-examine the plaintiff's expert about the prior injury because only the pre-recorded videotaped testimony of that expert was presented at trial (see Vaz v New York City Tr. Auth., 85 AD3d 902, 903-904). Therefore, the plaintiff's failure to disclose his prior neck injury provided an independent basis on which to grant the defendants' motion pursuant to CPLR 4404(a) to set aside the jury verdict, vacate the judgment, and for a new trial.
The defendants' remaining contentions are without merit.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court