Matter of Levine v Friedman & Levine, Inc. (2022 NY Slip Op 01160)





Matter of Levine v Friedman & Levine, Inc.


2022 NY Slip Op 01160


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-09414
 (Index No. 1794/13)

[*1]In the Matter of Martin Levine, appellant,
v
Friedman & Levine, Inc., et al., respondents-respondents, et al., respondent.


Moritt Hock & Hamroff LLP, Garden City, NY (Danielle J. Marlow and Stephen J. Ginsberg of counsel), for appellant.
The Bresky Law Firm, PLLC, Elmhurst, NY (Kyle M. Halperin and Marc Bresky of counsel), for respondents-respondents.



DECISION & ORDER
In a proceeding, inter alia, pursuant to Business Corporation Law §§ 1104(a) and 1104-a for judicial dissolution of a closely held corporation, the petitioner appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered June 1, 2018. The order, after a hearing, in effect, denied the petitioner's second application for an adjournment, denied that branch of the petition which was to liquidate Friedman & Levine, Inc., and dismissed that portion of the proceeding.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, denied the petitioner's second application for an adjournment is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
In February 2013, the petitioner, Martin Levine, commenced this proceeding, among other things, pursuant to Business Corporation Law §§ 1104 and 1104-a against the respondent Friedman & Levine, Inc. (hereinafter the corporation), a closely held corporation of which the petitioner was a principal, and the respondent Jeffrey Friedman, the other principal of the corporation. The petitioner moved, inter alia, for judicial dissolution and liquidation of the corporation. In an order entered February 7, 2014, the Supreme Court, among other things, granted that branch of the petition which was for judicial dissolution of the corporation. Thereafter, the court scheduled a valuation hearing to determine that branch of the petition which was to liquidate the corporation and held the hearing in February 2017. In an order entered June 1, 2018, upon the valuation hearing, the court, in effect, denied the petitioner's second application to adjourn the valuation hearing, denied that branch of the petition which was to liquidate the corporation on the ground that the petitioner failed to sustain his burden of proof with respect to the value of the corporation, and dismissed that portion of the proceeding. The petitioner appeals. We affirm.
Contrary to the petitioner's contention, the Supreme Court providently denied the [*2]petitioner's second application for an adjournment of the hearing. "'An application for a continuance or adjournment is addressed to the sound discretion of the trial court, and the grant or denial thereof will be upheld on appellate review if the trial court providently exercised its discretion'" (Black v St. Luke's Cornwall Hosp., 112 AD3d 661, 661, quoting Nieves v Tomonska, 306 AD2d 332, 332). "[I]n determining such applications courts must undertake a 'balanced consideration' of all relevant factors" (Giardina v Barasch, 131 AD3d 1007, 1007, quoting Noble Thread Corp. v Noble Group Corp., 46 AD3d 778, 779). Here, since dissolution of the corporation had been granted in 2014 and discovery had been ongoing for three years, the court's denial of the petitioner's second application to adjourn the hearing was appropriate under the circumstances (see Matter of Eshaghian, 144 AD3d 1158, 1158; Giardina v Barasch, 131 AD3d at 1007).
The Supreme Court also properly determined that the petitioner failed to meet his burden at the hearing to establish the value of the corporation in order to permit its liquidation (cf. Matter of Raskin v Walter Karl, Inc., 129 AD2d 642, 643; see also Jimenez v Gasque, 111 AD3d 675, 675).
The petitioner's remaining contentions are without merit.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court