Mercado v Rullo
2026 NY Slip Op 03157
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Juan Gabriel Mercado, appellant,
v
Santino Rullo, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2022-07379, (Index No. 512198/19)
Cheryl E. Chambers, J.P.
Paul Wooten
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

Elefterakis, Elefterakis & Panek, New York, NY (Gennaro Savastano of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a clerk's judgment of the Supreme Court, Kings County, entered September 1, 2022. The clerk's judgment, upon a jury verdict on the issue of liability, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the clerk's judgment is affirmed, with costs.
On March 28, 2019, the plaintiff allegedly was injured when a vehicle he was operating was struck by a cement truck owned by the plaintiff's employer, the defendant Alpine Ready Mix, Inc., and operated by the defendant Santino Rullo. The plaintiff commenced this action to recover damages for personal injuries against the defendants. Following a jury trial, the jury found that the defendants were not negligent. On September 1, 2022, a clerk's judgment was entered in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying the plaintiff's application for an adjournment of the trial. "An application for a continuance or adjournment is addressed to the sound discretion of the trial court, and the grant or denial thereof will be upheld on appellate review if the trial court providently exercised its discretion" (Matter of Levine v Friedman & Levine, Inc., 202 AD3d 1085, 1086 [internal quotation marks omitted]). "[I]n determining such applications courts must undertake a balanced consideration of all relevant factors" (Giardina v Barasch, 131 AD3d 1007, 1007 [internal quotation marks omitted]). Here, in response to the defendants' application at trial to admit six photographs of the accident scene into evidence, the plaintiff's counsel sought an adjournment to review the photographs and submit them to an expert "to potentially make an accident reconstruction opinion." The court provided the plaintiff with two brief recesses to review the photographs. Since the plaintiff failed to either explain why he was unable to obtain an expert to render an accident reconstruction opinion prior to trial or how the photographs proffered by the defendants created the need for an accident reconstruction opinion, the court providently exercised its discretion in denying the plaintiff's application for an adjournment (see Matter of Levine v Friedman & Levine, Inc., 202 [*2]AD3d at 1086; Farrell v Gelwan, 30 AD3d 563, 564).
"[T]rial courts are accorded wide discretion in making evidentiary rulings and those rulings should not be disturbed on appeal absent an improvident exercise of discretion" (Chihuahua v Birchwood Estates, LLC, 203 AD3d 1015, 1018 [internal quotation marks omitted]). Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in precluding the plaintiff from calling a nonparty witness whom he had previously failed to identify as a witness during the discovery process, as the plaintiff did not disclose the witness's information until shortly before trial, and failed to provide a reasonable explanation for his delay in disclosing that information (see Smith v Usman, 218 AD3d 705, 707; Crawford v Village of Millbrook, 94 AD3d 1036, 1037).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court